**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PETER MEYERS, | : |
|     Plaintiff, | : |
| | :   CIVIL ACTION NO. |
| v. | :   1:14-CV-0066-WBH |
| | : |
| GWINNETT COUNTY, et al., | : |
|     Defendants. | : |

**ORDER**

This matter is before the Court for consideration of a variety of pending motions. This case arises out of Plaintiff's arrest and incarceration after he was accused of molesting a young girl. Plaintiff was friends with the girl's parents. While the parents were out of town, Plaintiff delivered the girl to daycare. While at daycare, the girl behaved in a manner that made at least one daycare center staff member suspicious. She voiced her concerns, the police became involved and investigated, and Plaintiff was arrested and charged with child molestation. Plaintiff stayed in jail for twenty months until December, 2011, when Gwinnett County authorities released him and dropped the charges against him.

On January 26, 2015, this Court granted all of Defendants' motions to dismiss the action, concluding that Plaintiff's claims were barred by the applicable statute of limitations and that Plaintiff could not establish that he was entitled to tolling under O.C.G.A. §§ 9-3-90(a), 9-3-91 because of his mental incompetence. In reaching that determination, this Court relied on an affidavit attached to the complaint and concluded

that Plaintiff had not met the standard for demonstrating mental incompetence. Plaintiff appealed, and the Eleventh Circuit reversed, holding that all Plaintiff needed to do was allege – not establish – mental incompetence in his complaint to survive a motion to dismiss.

Motion for Discovery

This Court agrees with Defendants that the issue of Plaintiff's mental competence should be resolved before full discovery begins. As such, Defendant La Petitte Academy's motion for limited discovery on the issue of Plaintiff's mental competence, [Doc. 67], is **GRANTED**. The parties shall have a two-month period, beginning the date of this order in which to conduct such discovery. No other discovery shall be permitted. Within two weeks after the conclusion of that period, Defendants, if they so choose, may file a motion for summary judgment on the issue of the statute of limitations. Responsive pleadings shall be filed in compliance with the Federal Rules and the Local Rules of this Court.

Kirkpatrick Motion to Dismiss

Defendant Victoria Kirkpatrick, who was an employee at the daycare center at the time that Plaintiff was arrested, has filed a motion to dismiss, [Doc. 66], asserting that she has not been served with process. On July 31, 2014, this Court permitted Plaintiff to amend his complaint one final time. Accordingly, he needed to serve Ms. Kirkpatrick by November 28, 2014. Under Rule 4(m), this Court must dismiss a

defendant who was not served within 90 days after the complaint is filed unless Plaintiff can show good cause for the failure.  In attempting to show good cause, Plaintiff contends that he had a great deal of trouble locating Ms. Kirkpatrick because she had moved away from Georgia.  Plaintiff further contends that he served Ms. Kirkpatrick on October 20, 2015, almost eleven months too late, but from a review of the pleadings and exhibits, it is clear that Plaintiff has not served the Victoria Kirkpatrick that worked at the daycare center.[1]  Plaintiff further claims, without support, that Ms. Kirkpatrick is evading service.

At the outset, this Court repeats it's observation from July 31, 2014, that "Plaintiff has failed to file responses to motions, attempted to improperly amend his complaint in response to Defendants' motions to dismiss, filed late responses without obtaining leave of this Court, and mislabeled his pleadings in the electronic filing system." [Doc. 32].  As a result, Plaintiff has lost any benefit of the doubt that he may have enjoyed earlier in this action.  Moreover, this Court concludes that Plaintiff has failed to show good cause for his failure to serve Ms. Kirkpatrick.  According to Plaintiff, the only effort he made to find Ms. Kirkpatrick was to hire a process server who "ran multiple skip traces."  Plaintiff did not elicit this Court's assistance or engage in discovery to locate her, and, as noted, other than Plaintiff's suspicions, this Court has no basis upon which to determine that Ms. Kirkpatrick is evading service.

---

[1] The Victoria Kirkpatrick that worked at the daycare center was an African-American.  The woman in Maryland that Plaintiff claims to have served is white.

Accordingly, Ms. Kirkpatrick's motion to dismiss, [Doc. 66], is **GRANTED** and she is **DISMISSED** without prejudice.

Basone Motion to Dismiss

Defendant Kirk Basone has filed a motion to dismiss for Plaintiff's failure to state a claim for relief. Because this Court intends to first address the question of whether this action is barred by the statute of limitations, Basone's motion, [Doc. 72], is **DENIED** without prejudice to his reasserting that motion if and when this Court determines that Plaintiff is entitled to tolling of the statute of limitations.

Motions for Protective Order and to Strike

Because this Court has limited discovery to the issue of Plaintiff's competence, the three pending motions for a protective order, [Docs. 75, 76, 78], are **DENIED** as moot. Because this Court has granted Defendant Kirkpatrick's motion to dismiss, her motion to strike, [Doc. 86], is **DENIED** as moot.

**IT IS SO ORDERED,** this 28th day of July, 2016.

WILLIS B. HUNT, JR.
Judge, U. S. District Court