# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PETER MEYER, ) <br> ) <br>    Plaintiff ) <br> ) <br> ) <br> v. ) <br> ) <br> GWINNETT COUNTY, ) <br> GWINNETT COUNTY POLICE ) <br> DEPARTMENT, ) <br> JENNIFER ROBERTS (*individually* ) <br> *and in her official capacity* ) <br> *as a Gwinnett County Police Officer*), ) <br> LA PETITE ACADEMY, INC., ) <br> VICTORIA KIRKPATRICK, ) <br> KIRK BASONE, ) <br> ) <br> ) <br>    Defendants. ) <br> ) <br> ) | CASE NO. : 1:14-CV-00066-WBH |

## DEFENDANTS GWINNETT COUNTY, GWINNETT COUNTY POLICE DEPARTMENT, AND JENNIFER ROBERTS' <br> STATEMENT OF UNDISPUTED MATERIAL FACTS

COME NOW GWINNETT COUNTY, GWINNETT COUNTY POLICE DEPARTMENT, AND JENNIFER ROBERTS, Defendants in the above-styled civil action, and pursuant to Fed. R. Civ. P. 56 submit this their Statement of Undisputed Material Facts, in support whereof they rely upon the accompanying Deposition of Plaintiff Peter Meyer and all facts and pleadings of record.

STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff was arrested on or about April 10, 2010. Plaintiff's Amended Complaint, [Doc. 33], at ¶ 18.

2. Plaintiff was released from jail on December 28, 2011. (Deposition of Plaintiff Peter Meyer ("Meyer Dep."), 48:3-5).

3. The only periods that Plaintiff claims to be entitled to toll the statutes of limitations on his claims are three (3) weeks immediately following his release and May to June of 2013. (*Id.* at 54:12-59:8).

4. On the night he was released, the Plaintiff checked in to a room at Studio 6. (Meyer Dep. 73:12-13).

5. The very next day, on December 29, 2011, Plaintiff went to Brookwood Grill to get a job. (*Id.* at 75:16-19).

6. The Plaintiff was able to travel by himself to work, walking there on his own. (*Id.* at 75:20-24).

7. On December 30th, the Plaintiff filled out employment paperwork to return to work, including a W-5 form for tax withholding and a workplace harassment policy and confidentiality agreement. (*Id*. at 25:3-27:4; 27:25-28:9).

8. The Plaintiff's workplace training at Brookwood Grill began the first week of January 2012, which training lasted for two weeks. (*Id.* at 102:21-103:18).

9. Training was necessary for all servers to be permitted to work in that position. (*Id.* at 107:1-4).

10. The training process included learning the menu, how to take an order, ringing in an order, and following the flow of the restaurant. (*Id.* at 107:9-14).

11. The Brookwood Grill menu has approximately 75 items on which servers are required to learn. (*Id.* at 108:9-11).

12. Servers are required to take written tests on their knowledge of the menu, which tests must be passed before they are permitted to work out in the restaurant. (*Id.* at 108:12-22).

13. Servers are required to accurately put an order into the restaurant's computer system. (*Id.* at 110:14-20).

14. Servers are sometimes required to run their own food as well as food for other servers. (*Id.* at 110:23-25). Servers are required to recognize table numbers and their positions in the restaurant, to accurately place orders according to which patron is sitting in which seat assignment at which table, to handle money and cash out, and to make change as part of their job duties. (*Id.* at 111:1-22; 120:21-121:20).

15. Servers must work in shifts, in periods of four (4) to five (5) hours per shift. (*Id.* at 140:6-10).

16. The Plaintiff had no mental or emotional breakdowns at work during the first three weeks following his release. (*Id.* at 210:20-211:2).

17. During the relevant period, the Plaintiff performed his job and was never written up or reprimanded at work. (123:25-124:3).

18. Plaintiff's employer required him to be cleanshaven, and Plaintiff was never reprimanded or sent home for being unshaven or unhygienic. (*Id.* at 125:15-23).

19. In the relevant periods, the Plaintiff was able to provide for his own food, including doing his own grocery shopping and brining home food from is workplace. (*Id.* at 92:8-18).

20. The Plaintiff was able to purchase a cell phone and to pay the monthly bill at $40.00 per month. (*Id.* at 94:13-25; 99:23-100:3).

21. Plaintiff paid for his own car insurance, prepaid through July or August of 2013. (*Id.* at 99:6-16).

22. The Plaintiff was able to drive himself to and from his therapy sessions with a specialist, Dr. Nancy Aldridge. (*Id.* at 135:8-136:5).

23. Plaintiff's Complaint is dated January 9, 2014. Plaintiff's Complaint [Doc. 1].

[*Signature on following page.*]

Respectfully submitted, this 12th day of October, 2016.

**O'QUINN & CRONIN, LLC**

 /s/    *Jacob Stalvey O'Neal*
Jacob Stalvey O'Neal
Georgia Bar No. 877316
Attorney for Defendants

103 Keys Ferry Street
McDonough, Georgia 30253
(770) 898-0333
(770) 898-0330 Facsimile

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, ND Ga., the undersigned counsel hereby certifies that the foregoing was prepared with one of the font and point selections approved by the court in LR 5.1B, ND Ga. More specifically, the undersigned counsel certifies that said Brief was prepared in the following font and point: Times Roman-14 point.

This 12th day of October, 2016.

                                           **O'QUINN & CRONIN, LLC**

                                           */s/    Jacob Stalvey O'Neal*
                                           Jacob Stalvey O'Neal
                                           Georgia Bar No. 877316
                                           Attorney for Defendants

103 Keys Ferry Street
McDonough, Georgia 30253
(770) 898-0333
(770) 898-0330 Facsimile

**CERTIFICATE OF FILING AND SERVICE**

This will hereby certify that I, the undersigned, have this day electronically filed **DEFENDANTS GWINNETT COUNTY, GWINNETT COUNTY POLICE DEPARTMENT, AND JENNIFER ROBERTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel listed below:

Thomas Reynolds, Jr.
121 Luckie Street, Suite 100
Atlanta, GA 30303

Shaun M. Daugherty
J. Kelly Brown Viel
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA  30046

Howard P. Slomka
The Slomka Law Firm, P.C.
1069 Spring Street, NW, 2nd Floor, Suite 200
Atlanta, GA 30309

This 12th day of October, 2016.

**O'QUINN & CRONIN, LLC**

*/s/ Jacob Stalvey O'Neal*
Jacob Stalvey O'Neal
Georgia Bar No. 877316
Attorneys for Defendants

103 Keys Ferry Street
McDonough, Georgia 30253
(770) 898-0333
(770) 898-0330 Facsimile