IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| PETER MEYER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:14-CV-00066-ELR |
| | * | |
| GWINNETT COUNTY, GWINNETT | * | |
| COUNTY POLICE DEPARTMENT, | * | |
| JENNIFER ROBERTS, KIRK BASONE, | * | |
| and LA PETITE ACADEMY, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

# ORDER

Presently before the Court is Defendant La Petite Academy's Motion for Judgment as a Matter of Law. [Doc. 243]. The Court's ruling is below.

## I. Background

This case stems from Plaintiff Peter Meyer's arrest and detention on criminal charges that were eventually dropped after being detained for nearly twenty months. Eventually, Plaintiff sued Defendants Gwinnett County, Gwinnett County Police Department, Officer Jennifer Roberts, Kirk Basone, and La Petite Academy for their purported involvement in his arrest and detention.

On November 14, 2017, the Eleventh Circuit Court of Appeals vacated Judge Willis B. Hunt Jr.'s grant of summary judgment in favor of Defendants on the sole issue of whether the statute of limitations was tolled due to Plaintiff's mental incapacity following his release from jail. [Doc. 123]. As a result, the Eleventh Circuit remanded this action for further proceedings. [Id.] On February 1, 2018, this case was reassigned to the undersigned.

Beginning July 15, 2019, a jury trial proceeded on the sole issue of whether Plaintiff was mentally incompetent during at least twelve (12) days of the first three (3) weeks following his release from jail so as to toll the statute of limitations. On July 17, 2019, the jury returned a verdict in favor of Plaintiff, and thus, Plaintiff's suit is now considered timely. Thereafter, Defendant La Petite filed a Motion for Judgment as a Matter of Law [Doc. 243], which Plaintiff opposes [Doc. 246].[1] This motion is now ripe for the Court's review.

## II. Discussion

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law and provides as follows:

> **(a) Judgment as a Matter of Law.**
>
> **(1) *In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

---

[1] Notably, only Defendant La Petite Academy filed the instant motion, and thus, the Court only refers to Defendant La Petite throughout this order.

>> **(A)** resolve the issue against the party; and
>
>> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2)** *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.
>
> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
>> **(1)** allow judgment on the verdict, if the jury returned a verdict;
>
>> **(2)** order a new trial; or
>
>> **(3)** direct the entry of judgment as a matter of law.

FED. R. CIV. P. 50.

> "In deciding a motion for judgment as a matter of law, we review all the evidence, drawing all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). We do not make credibility determinations or weigh the evidence. Id. We give credence to evidence supporting the nonmoving party's case, as well as "uncontradicted and unimpeached" evidence supporting the moving party, "at least to the extent that that evidence comes from disinterested witnesses." Id. at 151, 120 S.Ct. at 2110.

3

Hubbard v. BankAtlantic Bancorp, Inc., 688 F.3d 713, 724 (11th Cir. 2012) (quotation omitted). "Judgment as a matter of law for a defendant is appropriate, when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." Cadle v. GEICO Gen. Ins. Co., 838 F.3d 1113, 1121 (11th Cir. 2016) (quotation omitted). "The motion should be granted only when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." Howard v. Walgreen Co., 605 F.3d 1239, 1242 (11th Cir. 2010) (quotation omitted). "But if there is substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied." Swoope v. CSX Transp., Inc., 666 F. App'x 820, 823 (11th Cir. 2016) (quotation omitted).

"In considering a Rule 50(b) motion after the jury verdict, only the sufficiency of the evidence matters. The jury's findings are irrelevant." Cadle, 838 F.3d at 1121 (quotation omitted). "The jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1228 (11th Cir. 2007). Finally, the Eleventh Circuit "repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be

4

based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a)." Howard, 605 F.3d at 1243.

During the trial, at the close of Plaintiff's evidence, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Defendant now renews its motion pursuant to Rule 50(b) and asks that the Court enter judgment as a matter of law in favor of Defendant, arguing that the evidence admitted at trial does not allow Plaintiff to meet his burden of proof to toll the statute of limitations.

To reach the merits of Defendant's Rule 50(b) motion, the Court must first examine the grounds upon which its Rule 50(a) motion was based. However, this proves difficult as Defendant (nor Plaintiff) provided the Court with an official copy of the full trial transcript. Instead, Defendant's counsel initially attempted to attach an unofficial copy of only Plaintiff's testimony to its motion, which was only provided to the parties as a courtesy by the undersigned's court reporter during trial. Subsequently, the Clerk of Court removed the unofficial copy of the transcript from the docket, which appears to be the only reason Defendant's counsel then requested an official copy from the court reporter. However, in making this request to the undersigned's court reporter, Defendant still only requested Plaintiff's trial testimony.

5

Unfortunately, despite the Clerk of Court contacting Defendant's counsel regarding the inappropriate inclusion of the unofficial copy and Defendant's counsel taking the steps to order Plaintiff Meyer's official testimony from the court reporter, Defendant's counsel still did not request an official transcript from the last day of trial. This is important because Defendant made its Rule 50(a) motion on the last day of trial. As stated previously, the Eleventh Circuit "repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a)." Howard, 605 F.3d at 1243. Thus, Defendant's failure to provide the Court with the trial transcript of the day Defendant's counsel made the Rule 50(a) motion hinders the Court from thoroughly reviewing the grounds of the original request in the context of the instant motion.

Nevertheless, in a desire to decide Defendant's motion on the merits, the Court reviewed the transcript from the last day of trial, with no assistance from counsel, and finds Defendant's motion is due for denial.

Georgia law provides that persons who are legally incompetent because of intellectual disability or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons. O.C.G.A. § 9-3-90. To be considered legally incompetent in this context, Plaintiff need not be so mentally incompetent

that he requires confinement or a guardian, but he must be so mentally deficient, unable to perform or understand his conduct, so unsound in mind, or so diminished in intellectual capacity, that he is incapable of managing the ordinary affairs of life. See Martin v. Herrington Mill, LP, 730 S.E.2d 164, 168 (Ga. Ct. App. 2012) (quoting Curlee v. Mock Enterprises, Inc., 327 S.E.2d 736, 742-43 (Ga. Ct. App. 1985)); see also Bridgewater v. DeKalb Cty., No. 1:10-CV-01082-ODE-AJB, 2010 WL 11507266, at *6 (N.D. Ga. July 12, 2010).

Notably, it is not whether one has merely mismanaged or failed to take control of his affairs, is unclear in his mind, or is not intelligent. The test is whether he was incapable of managing the ordinary affairs of life. Bridgewater, 2010 WL 11507266, at *6. Additionally, symptoms of depression or despondency without additional evidence that Plaintiff was unable to manage the ordinary business of life, is not enough for mental incapacity. Martin, 730 S.E.2d at 167.

Defendant based its Rule 50(a) motion on the testimony that Plaintiff was living at a hotel, kept a schedule, walked back and forth to his job at the Brookwood Grill, purchased items for a uniform, and completed employment forms prior to his rehire at the Brookwood Grill. Thus, based on this testimony, Defendant argued that Plaintiff was mentally competent during the relevant period as to require a directed verdict. After careful review, the Court denied Defendant's motion at trial.

In the instant motion, Defendant argues that the evidence at trial was different than the evidence presented to the Court at summary judgment as Dr. Nancy Aldridge's testimony was excluded at trial, and thus, judgment as a matter of law is appropriate now where it may not have been previously. Specifically, Defendant argues that the Eleventh Circuit, in vacating Judge Hunt's grant of summary judgment, reasoned that Dr. Aldridge's affidavits provided contrary evidence that created the genuine issue of material fact as to Plaintiff's mental capacity. Thus, according to Defendant, no evidence contrary to its assertion that Plaintiff was mentally competent was heard by the jury because Dr. Aldridge's testimony was not presented at trial. While Defendant is correct that the Eleventh Circuit considered Dr. Aldridge's affidavit in determining a genuine issue of material fact existed for a jury, this is not the only evidence provided at the time of summary judgment to require a trier of fact. For example, the Eleventh Circuit repeatedly noted that not only did Plaintiff provide evidence that indicated his own mental incompetency, Kevin Ives' affidavit was also supportive of Plaintiff's position of mental incapacity. Specifically, the Eleventh Circuit noted the following:

> Meyer's evidence, *most notably the affidavits* of Dr. Aldridge *and Ives*, supports a reasonable inference that Meyer was so mentally unsound that he did not have the capacity to understand his conduct during the three weeks following his release.
>
> . . .
>
> Ives's *affidavit describing Meyer's functionality likewise supported this analysis.*

8

> . . .
>
> Plus, Meyer's activities were not so 'numerous and complicated,' . . . that we could conclude as a matter of law that no reasonable jury could credit Dr. Aldridge's unequivocal opinions . . . *particularly in light of Ives's supporting affidavit.*
>
> . . .
>
> *Considered as a whole*, Meyer has presented sufficient evidence . . . to show that it would not be fair to charge him 'with the running of the clock[.]'

Meyer v. Gwinnett Cty., 716 F. App'x 857, 864-865 (11th Cir. 2017) (internal citations omitted and emphasis added). Thus, Defendant's argument that the Court must grant its motion based on the Eleventh Circuit's opinion fails as the Eleventh Circuit's basis for vacating the grant of summary judgment was not wholly due to Dr. Aldridge's affidavit.

Defendant's second argument regarding Plaintiff's opening statements also fails. Specifically, Defendant argues that "[b]ut for the plaintiff's unduly prejudicial presentations and argument, no reasonable jury would have listened to the evidence presented at this trial and found it legally sufficient to find for Meyer." [Doc. 243 at 5-6]. As an initial matter, what the parties say during opening statements and closing arguments is not evidence. See 11th Cir. Pattern Civ. Jury Instr. 3.3 ("anything the lawyers say is not evidence and isn't binding on you."). The Court instructed the jury on this rule prior to deliberations, and the Court "presume[s] that

9

jurors follow the court's instructions." Hilger v. Velazquez, 613 F. App'x 775, 777 (11th Cir. 2015). Accordingly, this argument is unavailing.

Moreover, there was ample evidence from Plaintiff's own testimony and Mr. Ives' testimony that a reasonable jury could find for Plaintiff. For example, Mr. Ives testified Plaintiff was not functioning normally compared to how he functioned before his time in jail. See Kevin Ives Dep. at 49:2-4. [Doc. 239-2] ("Ives Dep.").[2] In fact, Mr. Ives testified that Plaintiff was not shaving, was not "taking care of himself like somebody normally would or like he used to," and that Mr. Ives suspected Plaintiff was not eating, so he gave Plaintiff food to take with him outside of Brookwood Grill. Id. at 48:24-49:14. Additionally, Mr. Ives testified that Plaintiff would suddenly break down crying; "[i]t was something that I hadn't really seen anybody do before without seeming provocation . . . . One moment you're fine, the next minute you're in the back [and] can't control yourself." Id. at 48:2-7.

Plaintiff also testified that he needed assistance filling out the employment forms and his signature on the forms was simply a repetitive act that he has done since he was ten (10) years old. See Pl.'s Trial Test. at 103:23-25; 104:13-18 [Doc. -245] ("Pl.'s Trial Test."). Additionally, Plaintiff stated:

> I didn't – I didn't know how to think on my own. I had always – for two years, everything that you do is told to you. You combine that with the cloud that my brain was in, no, I couldn't do anything. I couldn't comprehend things or rationalize anything or accomplish anything.

---

[2] Plaintiff presented Kevin Ives' testimony to the jury via a videotaped deposition.

Pl.'s Trial Test. 106:8-13. This specific testimony, *inter alia*, presents sufficient evidence that a reasonable jury could find that Plaintiff was incapable of managing his ordinary affairs of life during the relevant time period.

Accordingly, based on all of the evidence at trial, "reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." Swoope, 666 F. App'x at 823 (11th Cir. 2016) (quotation omitted). Accordingly, Defendant's "motion must be denied." Id.

### III. Conclusion

Based on the foregoing, the Court **DENIES** Defendant La Petite Academy, Inc.'s Motion for Judgment as a Matter of Law. [Doc. 243].

**SO ORDERED**, this 5th day of September, 2019.

*/s/ Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia